IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS HEIMANN,<br><br>               Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF NEBRASKA MEDICAL CENTER, UNIVERSITY OF NEBRASKA BOARD OF REGENTS, and DR. SURINDER K. BATRA, in his official capacity and individually;<br><br>               Defendants. | 8:18-CV-128<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, Nicholas Heimann, has filed what the Court construes as a "Motion for Reconsideration," Filing 33, of the Court's Judgment dismissing the case with prejudice dated September 19, 2019, Filing 32. For the following reasons, the Court finds Plaintiff's Motion should be denied.

As an initial matter, Heimann's pleading is unsigned by either his attorney of record or by Heimann himself as required by Federal Rule of Civil Procedure 11. The Rule provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

However, even if Heimann's pleading complied with Rule 11 or he were provided time for correction, the Court must still deny his motion. Plaintiff has not indicated what authority he purports to rely on in asking the Court to reconsider its Judgment, but the Court concludes it could be construed as either a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. Under either rule, the motion fails.

A Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Thus, to the extent Heimann's filing can be construed as a motion under Rule 59(e), it is untimely.

Rule 60(b) permits a Court to grant relief from a judgment in the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. (60)(c)(1). In reviewing Heimann's Motion, it has neither been made within a reasonable time, nor does it present any of the circumstances set forth in Rule 60(b).

Plaintiff has failed to establish sufficient legal grounds for reconsidering the Court's judgment. Accordingly,

IT IS ORDERED:

(1) Plaintiff's Motion for Reconsideration, Filing 33, is denied.


Dated this 12th day of May, 2020.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge